[Cite as *State v. Ammons*, 2018-Ohio-1815.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. Nos. 28708 |
| | | 28709 |
| Appellee | | |
| | | |
| v. | | |
| | | APPEAL FROM JUDGMENT |
| JONNELL AMMONS | | ENTERED IN THE |
| | | COURT OF COMMON PLEAS |
| Appellant | | COUNTY OF SUMMIT, OHIO |
| | | CASE Nos. CR 16 06 1813 |
| | | CR 16 07 2316 |

DECISION AND JOURNAL ENTRY

Dated: May 9, 2018

CALLAHAN, Judge.

{¶1} Appellant, Jonnell Ammons, appeals his sentences from the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2} Mr. Ammons pleaded guilty to one count of failure to comply with the order or signal of a police officer. In a separate case, he pleaded guilty to one count of aggravated trafficking in drugs, one count of aggravated possession of drugs, and a criminal forfeiture specification for both counts. The trial court found him guilty of all of the offenses. At a joint sentencing hearing, it sentenced him to two years imprisonment on the failure to comply count, a year and a half imprisonment on the trafficking count, and one year imprisonment on the possession count. It ordered his sentences on the drug offenses to run concurrent with each other

but consecutive to his sentence for failure to comply for a total term of three and a half years.

Mr. Ammons has appealed his sentences, assigning two errors.

## II.

## ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT SENTENCED DEFENDANT TO CONSECUTIVE TERMS WITHOUT STRICTLY COMPLYING WITH R.C. 2929.14(C).

{¶3}     Mr. Ammons argues that the trial court failed to make the findings required to impose consecutive sentences under R.C. 2929.14(C)(4).   That section provides that, "[i]f multiple prison terms are imposed on an offender for convictions of multiple offenses," the sentencing court may require the offender to serve the terms consecutively "if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public[.]"  R.C. 2929.14(C)(4). The court must also find "any" of the following:

> (a)   The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.*

{¶4}    The trial court found Mr. Ammons guilty of failure to comply with the order or signal of a police officer, in violation of R.C. 2921.331(B).  It also found that the violation was a felony of the third degree.  For a violation of R.C. 2921.331(B) to constitute a felony of the third degree, the trier of fact must find that the offender's operation of a motor vehicle "was a proximate cause of serious physical harm to persons or property" or "caused a substantial risk of serious physical harm to persons or property."  R.C. 2921.331(C)(5)(a).

{¶5}    Under R.C. 2921.331(D), "[i]f an offender is sentenced pursuant to division (C)(4) or (5) of this section for a violation of division (B) of this section, and if the offender is sentenced to a prison term for that violation, the offender shall serve the prison term consecutively to any other prison term[.]"  Although the trial court did not refer to R.C. 2921.331(D) at the sentencing hearing or in its sentencing entry, it is evident from the record that the subsection applied because Mr. Ammons' conviction under R.C. 2921.331(B) was a felony of the third degree.  *See* R.C. 2921.331(C)(5).  The trial court, therefore, was required to order Mr. Ammons to serve his sentence for failure to comply consecutive to his sentences for the drug offenses.  *See* R.C. 2921.331(D).  Accordingly, we conclude that the trial court did not err when it sentenced Mr. Ammons to consecutive sentences.  Any incorrect references by the trial court to R.C. 2929.14(C)(4) were, at most, harmless error.  Crim.R. 52(A).  Mr. Ammons' first assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR AT THE SENTENCING HEARING BY FAILING TO COMPLY WITH R.C. 2929.19(B)(2)(F).

{¶6}    Mr. Ammons next argues that the trial court failed to comply with R.C. 2929.19(B)(2)(f) at his sentencing hearing.  R.C. 2929.19(B)(2)(f) provides that, if a sentencing

court determines at the sentencing hearing that a prison term is necessary or required, it shall "[r]equire that the offender not ingest or be injected with a drug of abuse and submit to random drug testing * * * and require that the results of the drug test administered under any of those sections indicate that the offender did not ingest or was not injected with a drug of abuse."

{¶7}    This Court has repeatedly concluded that, even if a sentencing court fails to comply with R.C. 2929.19(B)(2)(f), an error under that section is harmless because the requirement is only intended to facilitate drug testing of prisoners in state institutions and creates no substantive rights for defendants. *State v. Watson*, 9th Dist. Summit No. 28218, 2017-Ohio-7856, ¶ 19 (collecting cases); Crim.R. 52(A). Mr. Ammons' second assignment of error is overruled.

## III.

{¶8}    Mr. Ammons' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
CARR, J.
CONCUR.


APPEARANCES:

DENISE FERGUSON, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.